MANN v. IONIA CIRCUIT JUDGE.

MANDAMUS—EQUITY—APPEAL AND ERROR—ADEQUACY OF APPEAL
—FORECLOSURE OF MORTGAGE.

> An order of sale of mortgaged premises, made after a decree of foreclosure and after assignment of the mortgagee's interest, on application of the assignee, without notice to the defendants, is reviewable by appeal and will not be vacated by mandamus.

Mandamus by Marion Mann and others to compel Frank D. M. Davis, circuit judge of Ionia county, to vacate an order of sale of premises involved in a foreclosure suit. Submitted January 16, 1912. (Calendar No. 24,878.) Decided March 29, 1912.

*Laurence W. Smith*, for relators.

*Locke & Sheldon* (*George E. Nichols*, of counsel), for respondent.

MOORE, C. J. In 1901 Ann M. Read filed her bill of complaint to foreclose a mortgage given by Laura Place, then deceased. The relators, two of her heirs, were made defendants. Decree of foreclosure was taken in September, 1903, on default of all defendants, who appeared but did not answer. Before sale was made, the decree was assigned to John K. Jackson, who by arrangement with W. D. Place, one of the other defendants, now deceased, extended the time for payment. Defendant W. D. Place having died, the said Jackson, as assignee of the decree, petitioned the court on March 29, 1911, for a sale under the decree in the name of the complainant, stating the amount then claimed to be due on the decree. The court, after a hearing, ordered the sale made. The sale was made and confirmed. Relators asked to have it set aside because the order of sale was made without notice. The court denied this petition, and, upon further denial of a

petition to set aside the last order, the cause is brought here on mandamus.

Relators contend that:

(1) The failure to give notice of the hearing on the petition of March 29, 1911, was jurisdictional.

(2) That, being jurisdictional, the remedy is not a matter of discretion, but of right.

This claim is based upon the requirements of Chancery Rule 34.

There is no claim of any irregularity except a failure to give notice to relators of the application of leave to make the sale in the name of the complainant in the original foreclosure suit. The assignment to Mr. Jackson provided in part as follows:

"And she (Ann M. Read) does hereby authorize the said party of the second part (John K. Jackson), her true and lawful attorney, irrevocably in her name or otherwise, but at his own proper costs and charges, to have, use and take all lawful means for the recovery of the sum or sums of money now due and owing, or hereafter to become due and owing upon the said decree of foreclosure."

This assignment was filed and recorded January 2, 1904. By its terms, the complainant authorized all subsequent proceedings to be taken in her name. At the time of the taking of the assignment of the decree, the purchaser, John K. Jackson, executed and delivered to the defendants an agreement which was filed in the foreclosure proceedings. This agreement extended the time for the payment of the amount due upon said decree for three years on condition that the interest be paid annually. It also provided as follows:

"Should any breach of the conditions of the terms set forth in said mortgage be made by said defendants, or should the interest due under said decree be not paid annually when due, then it is hereby agreed that the said John K. Jackson may enforce said decree independent of said extension of time."

William D. Place died in August, 1910. On March 29,

1911, John K. Jackson, the assignee of the decree, filed his petition. This petition described the proceedings to the taking of the decree and its assignment, and the said agreement of extension of time for the payment. It set up the fact of the payment of interest due under said decree up to July 1, 1908, and also the amount of interest due and the total amount due on the decree for principal and interest. The petitioner prayed for the sale of the premises in pursuance of the decree, and for an order determining the amount due for principal and interest.

Upon filing this petition, and upon a hearing of the same, the order of March 29, 1911, was made. As to this hearing, the circuit court returned as follows:

"That on the 29th day of March, 1911, the said John K. Jackson filed a petition in said court and cause, that upon the hearing upon said petition the facts therein set forth were made fully to appear, and that the interest upon the amount specified in said decree at 8 per cent. had been paid up to July 1, 1908; that there was due at said time as interest upon said amount specified in said decree the sum of $571.40, and that there was due upon said decree for principal and interest the sum of $3,181.02 on the said 29th day of March, 1911; that this respondent thereupon made an order determining the amount due upon said decree and order of sale of the premises described in said decree in the name of Ann M. Read as complainant."

The files, the decree, and order were then duly enrolled. The sale of the premises in accordance with said decree and order of March 29th was made on May 20, 1911, which sale was confirmed June 14, 1911.

We do not find it necessary to discuss all the questions raised by counsel in the briefs. We are of the opinion the remedy, if relators have any, is by appeal and not by mandamus.

The application for the writ of mandamus is denied, with costs.

STEERE, McALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.